fact when the papers on this motion were served, and as soon as he learned of said fact he placed the case on the calendar this day, and therefore asks this court to deny this motion"; that an amended complaint was not served for the reason that, upon consultation, it was not deemed necessary.

These facts, offered in explanation of the presumptive failure of the plaintiff to prosecute this action with due diligence, arising from the fact that junior issues have been reached on the regular call of the calendar, are wholly insufficient, and constitute no excuse whatsoever. No one, having any responsible connection with the litigation, presents an affidavit. There is nothing to show that the plaintiff intends, or even desires, to prosecute the action. The motion was returnable on the 25th day of May, 1909, nearly $2\frac{1}{2}$ years after the action was at issue, and it appears without controversy that during the interim no attention was given to the action until after the service of the motion papers for a dismissal of the complaint. We have repeatedly declared the rule that where the moving papers on such a motion show a prima facie case of failure to prosecute the action with due diligence, and a satisfactory excuse for such failure is not presented, the motion should be granted, notwithstanding the fact that the plaintiff has been stirred to activity by the notice of motion, for subsequent diligence is no excuse for past negligence. Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510; Anderson v. Hedden & Sons, 116 App. Div. 231, 101 N. Y. Supp. 585; Mladinich v. Livingston, 112 App. Div. 181, 98 N. Y. Supp. 46; Fisher Malting Co. v. Brown, 92 App. Div. 251, 87 N. Y. Supp. 37; McGrath, Adm'x, v. Murtha & Schmohl Co., 128 App. Div. 278, 112 N. Y. Supp. 679.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(134 App. Div. 356.)

### BIER v. ROEBLING CONST. CO.

(Supreme Court, Appellate Division, First Department.   October 22, 1909.)

COURTS (§ 91*)—PRIOR DECISIONS—STARE DECISIS.

    Where, in a prior action for death of a contractor's servant by the collapse of a building, the Appellate Division and the Court of Appeals had both held against defendant's contention that it was an independent contractor and not responsible for the plans, and not liable for the erection and maintenance of a nuisance, such decisions were binding on the trial court in a subsequent action for death of another employé in the same catastrophe, in which the facts proved were the same as in the former case, except for additional evidence showing the faults in the plans on which the building had been constructed.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 326; Dec. Dig. § 91.*]

Appeal from Trial Term, New York County.

Action by Ottilia Bier, as administratrix of the estate of John Bier, deceased, against the Roebling Construction Company, for death of plaintiff's intestate. From a judgment of dismissal, plaintiff appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Frank A. Acer (M. L. Malevinsky, of counsel, and Arthur Ofner, on the brief), for appellant.

Roe & McCombs (Gilbert E. Roe, of counsel, and Henry L. Scheuerman, on the brief), for respondent.

CLARKE, J. The plaintiff's intestate was an employé of the defendant, the Roebling Construction Company, which was engaged in constructing the fireproof flooring of the Hotel Darlington in the city of New York, and while so employed was killed by the disastrous collapse of said building on the 2d of March, 1904. In a previous action, entitled Haenschen, Administrator, etc., v. Roebling Construction Company, growing out of the same disaster, a judgment was obtained by the plaintiff for damages for the death of his intestate, which was affirmed by this court (124 App. Div. 920, 108 N. Y. Supp. 1134) and by the Court of Appeals (194 N. Y. 533, 87 N. E. 1120). That case was tried and determined upon the theory of nuisance, as appears from the record and briefs on file in this court, and from the memorandum of affirmance in the Court of Appeals:

"Appeal from a judgment * * * modifying, and affirming as modified, a judgment in favor of plaintiff, entered upon a verdict in an action to recover for the death of plaintiff's intestate, alleged to have occurred through the maintenance of a dangerous nuisance by the defendants."

We have carefully examined the record in this case, and compared it with the record in the Haenschen Case, supra, and find the facts substantially the same in the two records, with the exception that in the case at bar the plaintiff has given additional evidence tending to show the faults of the plans upon which the building was being constructed, although said plans had not been approved by the building department, and showing that said plans called for upwards of 33 tons less of steel in the framework of the building than in the first plans, which were approved by the department, but which were not followed.

The respondent claims that it was an independent contractor, in no way responsible for the making of the plans alleged to have been faulty and which were not approved, nor for their adoption by the owner of the property; that there is no proof that its own work was negligently or improperly executed, or that the material which it put in was defective; and, while it admits that the new plans were not approved by the department, it claims that it was neither its duty to file said plans nor to procure their approval, and that therefore it cannot be held liable as for the erection or maintenance of a dangerous nuisance. Each one of these claims was strongly urged in the former case, and, unless the decision of this court and the Court of Appeals had not been against them, the judgment there appealed from could not have been affirmed, for it was upon no other theory that the case was tried or argued upon appeal.

It seems unnecessary, therefore, to state in detail the facts shown by this record. The dismissal of the complaint at the close of the plaintiff's case, upon the ground that the facts shown did not consti-

tute a cause of action, when the appellate courts have determined that upon those facts there was a cause of action and sustained a judgment entered upon the verdict of a jury thereon, is obviously error.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.